248 P.2d 822

**STONE et al. v. CRENSHAW et al.**

No. 5534.

Supreme Court of New Mexico.

Oct. 2, 1952.

Dennis & Moyers, Clovis, H. A. Kiker, Alfred P. Whittaker, Santa Fe, for appellants.

Mears & Mears, Portales, for appellees.

McGHEE, Justice.

The plaintiffs brought this action to determine whether the allegations of a petition filed by the defendants with the County Commissioners of Roosevelt County seeking the annexation of a portion of Roosevelt County to Curry County under the provisions of Chapter 196, Laws of 1947, were well taken.

Chapter 196, supra, so far as here pertinent, reads as follows:

"Section 1. Whenever, because of the location and conditions of roads, or the existence or nonexistence of transportation facilities, it will be more convenient for the residents of any portion of a county to travel to the county seat of some other contiguous county, and because of such location and condition of roads or the existence or nonexistence of transportation facilities,

it will be more convenient and economical for such other county to render governmental services to such portion of such other county, the portion of the county so affected may be annexed to such other county in the following manner:

"Section 2. A petition executed by at least fifty-one per cent (51%) of the qualified electors residing within the portion of the county proposed to be annexed shall be filed with the county commissioners of the county in which such portion is located. Such petition shall set forth the facts showing the existence of the conditions described in Section 1 hereof and shall accurately set out the boundaries of the portion of the county proposed to be annexed.

"Section 3. * * * Within thirty (30) days after the publication of such notice (of the petition in some newspaper of the county affected), but not thereafter, any resident of either of the counties affected, on behalf of himself and all others similarly situated, may bring an action in the district court of the county in which such area proposed to be annexed is located, against any one or more of the signers of the petition, alleging that the petition has not been executed by the requisite number of signers or that the description of the area to be annexed is not accur-

ately described or that the conditions described in Section 1 hereof do not exist.

"The Judge, after hearing, shall make a determination as to whether the allegations of the petition are well taken. * * *"

■ The trial court found in favor of the plaintiffs that the allegations of the petition were not well taken and the defendants appeal, asserting certain findings of the court are fatally defective because phrased in the disjunctive, and, further, that these findings are not supported by substantial evidence. The findings of fact so attacked are as follows:

"VII. The Court finds that because of the location and conditions of roads, or the existence or nonexistence of transportation facilities, it will not be more convenient for the residents of the portion of Roosevelt County sought to be attached to Curry County, to travel to the County seat of Curry County than to that of Roosevelt County.

"VIII. The Court finds that because of such location and conditions of roads or the existence or nonexistence of transportation facilities, it will not be more convenient and economical for Curry County to render governmental services to that portion of Roosevelt County sought to be detached from Roosevelt County and at-

tached to Curry County than it will be for Roosevelt County to render governmental services to such portion of Roosevelt County."

We believe the findings are reasonably clear and express the intention of the trial court to find the negative of each of the conditions relied on to support the annexation. If any doubt could be held as to the meaning of the trial court, it would be dispelled by reference to conclusion of law No. III, which reads:

"That the Court finds that the allegations of the said petition * * filed by the Defendants with the Board of County Commissioners involved in this action, are not well taken and that the Plaintiffs are entitled to the relief sought in their complaint."

It is also to be noted counsel for the defendants do not claim they entertain the belief the trial court intended to find in their favor.

It is next contended there is not substantial evidence to support the findings of fact set out above.

The residents of the area sought to be annexed to Curry County reside in Roosevelt County in the "panhandle," which is bounded by De Baca, Quay and Curry Counties. They come from their farms or ranches on roads maintained by the county to Melrose, and then travel on either U. S. Highway 60 to Clovis, the county seat of Curry County, or on State Highway 88 through Floyd to Portales, the county seat of Roosevelt County. Each of these highways is paved, and it is eight miles farther to Portales from Melrose than to Clovis from Melrose. The traffic over the Portales highway is not considered heavy, but is heavy on the Clovis highway. The Clovis road is substantially a straight one, whereas there are a few turns or curves on the road to Portales, and on the last mentioned road there are two railroad crossings.

There was testimony that the railroad crossings are not considered dangerous, as there are gates and lights at each of them; and no evidence that vehicular traffic was delayed to any substantial degree at the crossings. There was also testimony that the Clovis highway contains a number of chug holes; that the black-top surface of the road has buckled from weather conditions; that the bar pits along the road are steep; that the grade of the road rises toward the center, making it difficult to hold a car on the pavement; that the road to Portales is newer, with a different grade alignment and base, and that its topping is more recent; and that because of the condition of the Clovis road and the extent of traffic upon it one may travel to Portales from Melrose in the same length of time it takes to go to Clovis from Melrose and pro-

ceed in greater safety. One of the witnesses also considered the difference in mileage between the two points would not make it more convenient for him to go to Clovis because of the gas consumed in slowing down behind cars and speeding up to pass, and because of the wear on the car from traveling on the Clovis highway.

There is a railroad paralleling the Clovis highway and a commercial bus line also services that route, whereas there is neither train nor bus service directly between Melrose and Portales. However, the trial court found the majority of the people in the area travel by means of their privately owned vehicles and no instance of any of the residents relying on commercial transportation facilities was presented.

It could not have been the intent of the legislature that mere mileage alone would be the test of convenience, or it would not have said in the act under which annexation is sought to be effected, "because of the location and *conditions* of roads". (Emphasis supplied.) Also, we fail to see the significance of the argument as to the existence of commercial transportation facilities to Clovis as opposed to the lack of them to Portales, except via Clovis, when none of the witnesses relied on this means of transportation or knew of anyone in the area who did. We believe the evidence in support of the trial court's finding No. VII is substantial.

The conditions relied on to show the county governmental services could be rendered to the residents of the panhandle area more economically and conveniently by Curry County than by Roosevelt County were disputed by witnesses for the plaintiff. There was testimony that the assessing and collection of taxes is frequently, if not generally, handled by mail. While two school districts in Roosevelt County are consolidated with Quay County and two with Curry County, there was testimony that if annexation were accomplished Curry County would have to continue the consolidation arrangement with Quay County and a similar arrangement would have to be made with respect to students desiring to attend the Floyd school in Roosevelt County. Roosevelt County maintains a hospital in Portales which can care for 45 bed patients, and, on the average, about 15 beds are occupied. Curry County does not maintain a hospital, but there is a 60-bed hospital in Clovis in addition to a maternity hospital. However, the average number of persons using the hospital facilities in Clovis is considerably higher than that for the Roosevelt County hospital. Melrose, in Curry County, has a justice of the peace and a deputy sheriff, while no like officials are in the panhandle area of Roosevelt County; but the sheriff of Roosevelt County testified he is rarely called upon by the residents in the panhandle, and, if a need were shown, a depu-

ty could be provided for that area. The lack of a justice of the peace could easily be remedied by the people of the community.

The testimony of responsible county officials and others with knowledge of administrative and geographic conditions supports finding of fact No. VIII. We are satisfied the findings of the trial court are supported by substantial evidence and we would be unwarranted in setting them aside.

The judgment will be affirmed and it is so ordered.

SADLER, COMPTON, and COORS, JJ., concur.

LUJAN, C. J., not participating.